United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 04-60640
Summary Calendar
_____


TIMOTHY TURNER,

                                    Plaintiff-Appellant,

versus

MIKE WILSON, in his individual and personal as well as
official capacity as Superintendent of the Mississippi State
Penitentiary; EMMITT SPARKMAN, in his individual personal
and official capacities as Deputy Commissioner of the
Mississippi Department of Corrections and/or former
Superintendent of Mississippi Department of Correction,
Mississippi State Penitentiary; RICKY SCOTT, in his
individual and personal and official capacities as
investigator for the Internal Audit Division and Security
Threat Group Intelligence Coordinator for the Mississippi
State Penitentiary; DONNY MULLINS; RONALD ROBINSON, in his
individual personal and former official capacities as former
investigator for the Internal Audit Division of the
Mississippi State Penitentiary; MCNEELY, Lieutenant, in his
individual personal and professional official capacities as
the former officer in charge Lieutenant of the Security
Threat Group Housing Unit; CHARLES DEER, in his individual
personal and official capacities as former Case Manager at
the Security Threat Group Unit; ALL MEMBERS OF THE SECURITY
THREAT GROUP EVALUATION TEAM,

                                    Defendants-Appellees.


--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
No. 4:04-CV-120-DA
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Timothy Turner seeks to proceed in forma pauperis ("IFP") to appeal the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Turner alleged that the defendants failed to protect him from an attack by a fellow inmate.

By moving to proceed IFP, Turner is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Our review of the record indicates that Turner's allegations state a failure-to-protect claim under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 842, 838 (1994). Whether the facts ultimately will prove a failure-to-protect claim is not a question to be answered at this stage of the proceedings. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, the motion to proceed IFP is GRANTED. The judgment and certification decision are VACATED. The case is REMANDED for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.